# IN THE SUPREME COURT OF THE STATE OF NEVADA

WELLS FARGO BANK, N.A.,
Appellant,
vs.
AVENZANO ST TRUST,
Respondent.

No. 64571

FILED

NOV 14 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; Susan Scann, Judge.

Respondent purchased the subject property at Southern Highlands Community Association's foreclosure sale, conducted to enforce Southern Highlands' delinquent assessment lien. Respondent then filed a quiet title action against appellant. The district court granted respondent's motion for summary judgment, finding that respondent was entitled to a judgment as a matter of law because "NRS Chapter 116 . . . grants an association the ability to foreclose its lien, including the super priority portion, nonjudicially" and because "an association is statutorily required to provide first security interest holders with notice of the foreclosure sale, which the HOA provided to Wells Fargo in this case."

This court's recent disposition in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. ___, 334 P.3d 408 (2014), decides that a common-interest community association's NRS 116.3116(2) superpriority lien has true priority over a first security interest, and the association may nonjudicially foreclose on that lien. As the district court's summary

14-37586

judgment correctly applied the controlling law and appellant has not identified any other legal issues or genuine issues of material fact that the district court purportedly overlooked, summary judgment in favor of respondent was proper. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

CHERRY, J., concurring:

For the reasons stated in the *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. ___, 334 P.3d 408 (2014), dissent, I disagree that appellant lost its lien priority by virtue of the homeowners association's nonjudicial foreclosure sale. I recognize, however, that *SFR Investments* is now the controlling law and, thusly, concur in the disposition of this appeal.

_____, J.
Cherry

cc:   Hon. Susan Scann, District Judge
      Wright, Finlay & Zak, LLP/Las Vegas
      Greene Infuso, LLP
      Eighth District Court Clerk